GRAHAM–RUTLEDGE & COMPANY,
INC., Appellant,

v.

NADIA CORPORATION and Riyad
Amir Areksoussi, Appellees.

No. 05–07–01579–CV.

Court of Appeals of Texas,
Dallas.

April 1, 2009.

C.L. Graham, Dallas, TX, for Appellant.

David M. Jones, Bush & Motes, P.C., Donald Wayne Shelton, Bush & Morrison, P.C., Arlington, TX, for Appellees.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice BRIDGES.

Appellant Graham–Rutledge & Company, Inc. appeals from the trial court's judgment confirming an arbitration award and awarding damages to the appellees, Nadia Corporation and Riyad Amir Areksoussi. In five issues, appellant argues the arbitration award should be vacated because (1) the arbitrator engaged in misconduct; (2)

the arbitrator made a gross mistake that would imply bad faith or a failure to exercise honest judgment; (3) the arbitrator exceeded the authority provided in the arbitration agreement; (4) appellant received late notice of a hearing; (5) and the trial court impermissibly modified the arbitration award. We affirm the judgment of the trial court.

## Background

In 2006, Graham–Rutledge became interested in leasing property owned by Nadia. In February 2006, Graham–Rutledge entered into an agreement with the initial tenant, Lena Davis, and Nadia for an assignment of the lease from Lena Davis to Graham–Rutledge. Graham–Rutledge allegedly spent approximately $160,000 to remodel and repair the subject property for use as a restaurant. In March of 2006, a commercial lease amendment was executed between Graham–Rutledge and Nadia. Graham–Rutledge contends that, among other things, the amendment conferred to Graham–Rutledge a right of first refusal to purchase the property.[1]

Graham–Rutledge later discovered that Nadia had entered into a contract with a third party, Ragan LLC, for the sale of the subject property. Graham–Rutledge contends appellee's failure to honor Graham–Rutledge's right of first refusal forced Graham–Rutledge to file suit against Nadia and Areksoussi, president of Nadia. In its lawsuit, Graham–Rutledge alleged breach of contract, breach of implied warranty of suitability, and statutory fraud in

a real estate transaction. Graham–Rutledge also sought injunctive relief to prevent Nadia's sale of the property to Ragan. Along with their original answer, Nadia and Areksoussi filed a plea in abatement and motion to compel arbitration.

The parties submitted their case to the American Arbitration Association ("AAA") for arbitration. After a hearing, the arbitrator rendered her award in favor of Nadia and Areksoussi on April 23, 2007 and modified the award on May 30, 2007.[2] In the award dated April 23, 2007, the arbitrator denied Graham–Rutledge's claims for (1) breach of implied warranty of suitability, (2) breach of contract, (3) statutory fraud in a real estate transaction, (4) trespass, and (5) enforcement of the right of first refusal provision in the amendment to purchase the property. The arbitrator further denied Nadia's counterclaim. The right to possession of the property remained with Graham–Rutledge, but remained subject to the terms of the lease. Strict compliance with the lease was required by both parties. With regard to Graham–Rutledge's alleged right of first refusal, the arbitrator stated in her award:

> Assuming the contract [right of first refusal] provision were [sic] enforceable, I find that ... [Graham–Rutledge's] written offer to purchase the subject land, fails to match or better the terms of the third-party offer [by Ragan].... Moreover, if I were to rule on the enforceability of the [right of first refusal] provision as a general matter, without regard to the specific conditional offer made by

1. Paragraph H–1 of the commercial lease amendment provides:

 Notwithstanding the [sic] anything herein subject Commercial Real Estate Lease shall be amended and/or modified to include Tenant's First Right of Refusal given Landlord's desire to sale [sic] said Property. In such case, subject Lease Agreement Shall

 be construed as a "Lease–Purchse [sic] Option Contract.["]

2. In the modification, the arbitrator clarified that she had not found that both parties breached the agreement. She also substituted the phrase "right of first refusal" for the word "option" in the fourth paragraph of her April 23, 2007 award.

[Graham–Rutledge] ... I would find the [right of first refusal] provision unenforceably vague based on, among other credible evidence, the testimony of Mr. Graham at pages 189, line 6 through 190, line 15, and the language of the [right of first refusal] provision itself, which, according to the undisputed evidence, was drafted by [Graham–Rutledge].

After finding in favor of Nadia and Areksoussi, the arbitrator split the administrative fees and expenses of the AAA and arbitrator equally among the parties.

Nadia and Areksoussi subsequently filed, in the trial court, a notice of hearing on their motion to confirm arbitration award and motion to cancel lis pendens.[3] The trial court granted Nadia and Areksoussi's motion to confirm arbitration award and motion to cancel lis pendens. Graham–Rutledge then filed its amended motion for reconsideration, amended motion for new trial, and amended motion to vacate arbitration award. The trial court denied the amended motion to vacate the arbitration award. This appeal ensued.

### Standard of Review

■ Arbitration is a proceeding that has long been favored by Texas law. *See Brazoria v. Knutson,* 142 Tex. 172, 176 S.W.2d 740, 743 (1943); *Home Owners Mgmt. Enters., Inc. v. Dean,* 230 S.W.3d 766, 768 (Tex. App–Dallas 2007, no pet.). A review of a trial court's decision to confirm an arbitration award is de novo and the appellate court reviews the entire record. *Home Owners,* 230 S.W.3d at 768 (citing *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.,* 105 S.W.3d 244, 250 (Tex.App.-Houston [14th Dist.] 2003, pet. denied)). However, "[a]ll reasonable presumptions are indulged in favor of the

3. A copy of this motion is not in the record.

award, and none against it." *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex. 2002).

■ An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrators merely because it would have reached a different decision. *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e). Judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *CVN Group,* 95 S.W.3d at 238. Thus, arbitration awards are entitled to great deference by the courts "lest disappointed litigants seek to overturn every unfavorable arbitration award in court." *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 429 (Tex.App.-Dallas 2004, pet. denied) (quoting *Daniewicz v. Thermo Instrument Sys., Inc.,* 992 S.W.2d 713, 716 (Tex.App.-Austin 1999, pet. denied)).

### Discussion

#### *Issue One*

This issue contains two parts. Graham–Rutledge first contends that the arbitration award should be vacated because the arbitrator committed misconduct by limiting Graham–Rutledge's evidence to rebuttal evidence. A trial court may set aside an arbitration award only in limited circumstances; absent specific common-law or statutory grounds for vacating, modifying, or correcting an award, the reviewing court must confirm it. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005); *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 351–52 (Tex.1977).

Section 171.088 of the civil practice and remedies code provides the statutory framework for vacating an arbitration award. This section authorizes vacating an arbitration award for "misconduct or wilful misbehavior of an arbitrator." TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(2)(C) (Vernon 2005). Texas common law also provides that a binding arbitration award may be set aside if it is tainted with "fraud, misconduct, or such gross mistake as would imply bad faith, or a failure to exercise honest judgment." *Nat'l Auto. & Cas. Ins. Co. v. Holland*, 483 S.W.2d 28, 31 (Tex.Civ.App.-Dallas 1972, no writ); *Brown v. Eubank*, 443 S.W.2d 386, 391 (Tex.Civ.App.-Dallas 1969, no writ).

The record before us does not reveal such misconduct or wilful misbehavior in the arbitrator's decision to limit Graham–Rutledge's evidence to rebuttal evidence. During the hearing, Graham–Rutledge, as the plaintiff, failed to designate its only witness on its witness list for the arbitration hearing. The arbitrator stated, however, that Graham–Rutledge could call its witnesses during rebuttal. The arbitrator further indicated that the rebuttal witnesses would not necessarily be limited to the scope of the other side's case in chief. Graham–Rutledge agreed that Nadia and Areksoussi would present its case-in-chief first and then Graham–Rutledge would present its rebuttal wit-

ness.[4] Therefore, we conclude Graham–Rutledge waived any error by agreeing to the procedure utilized in the hearing. *See Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 804–05 (Tex.App.-Austin 2004, pet. denied) (a party can waive an otherwise valid objection by proceeding with the arbitration despite knowledge of facts giving rise to such an objection).

In the second part of its first issue, Graham–Rutledge argues the arbitrator committed misconduct by hearing and denying its motion to compel discovery at a time when its attorney was not available. By written ruling, the arbitrator denied Graham–Rutledge's motion to compel due to its "non-attendance at the hearing." In the hearing before the arbitrator, Graham–Rutledge acknowledges it was aware of the subject hearing date. However, Graham–Rutledge does not refer us to any place in the record where it objected to this event or moved for a continuance of the hearing and after a review of the record before us, we have found none. As a general rule, a party is required to present a complaint to the trial judge before being allowed to raise the issue on appeal. *See, e.g., In re L.M.I.*, 119 S.W.3d 707, 711 (Tex.2003) (to preserve issue for appellate review, including constitutional error, party must present to trial court timely request, motion, or objection, state specific grounds therefor, and obtain rul-

---

**4.** The transcript of the arbitration hearing provides, in pertinent part, as follows:

THE ARBITRATOR: [S]o I take it that what we have is an agreement of the parties that the case is going to be opened by [Nadia and Areksoussi], who is going to put all [their] evidence on first on their case in chief. Then [Graham–Rutledge] will put on their rebuttal testimony. And then [Nadia and Areksoussi] will put on rebuttal testimony if they have to rebut testimony. And [Graham–Rutledge's counsel] is shaking his head in agreement.

[GRAHAM–RUTLEDGE'S COUNSEL]: Yes, that's correct.

The hearing transcript also includes the following exchange between the arbitrator and Graham–Rutledge's counsel:

THE ARBITRATOR: He puts on his evidence. You're going to put on your evidence, and then he's going to put on his rebuttal. That's what we talked about.

[GRAHAM–RUTLEDGE'S COUNSEL]: Okay.

THE ARBITRATOR: [Graham–Rutledge's counsel] agreed.

ing); *Pierce v. Tex. Racing Comm'n*, 212 S.W.3d 745, 760 (Tex.App.-Austin 2006, pet. denied) (appellant waived complaint because he did not, orally or in writing, bring to administrative law judge's attention his complaint that burden of proof had been improperly placed on him); *Kiefer v. Cont'l Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (party who failed to complain of sanction and failed to ask trial court to reconsider its actions waives complaint on appeal); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex.App.-Houston [14th Dist.] 1990, writ denied) (point of error cannot raise objection to evidence for first time on appeal). Because Graham–Rutledge did not object or move for a continuance of the hearing, we conclude Graham–Rutledge's complaint has been waived.

We overrule Graham–Rutledge's first issue.

### *Issue Two*

 In its second issue, Graham–Rutledge contends the trial court erred when it failed to find the arbitrator had committed a gross mistake sufficient to justify setting aside the arbitration award. A "gross mistake" sufficient to justify setting aside an arbitration award is a mistake that implies bad faith or a failure to exercise honest judgment and results in a decision that is arbitrary and capricious. *Bailey*, 727 S.W.2d at 90. Specifically, Graham–Rutledge contends the arbitrator made a gross mistake when she disregarded uncontroverted testimony, disregarded the language of the commercial lease amendment, and disregarded the law by inventing the legal principle that the right of first refusal provision was unenforceably vague. In making these arguments, Graham–Rutledge essentially argues the arbitrator was wrong in her decision.

 However, arguing that the arbitrator was wrong is not one of the enumerated statutory or common-law grounds for vacating an arbitration award. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088 (Vernon 2005); *Holland*, 483 S.W.2d at 31 (providing grounds for vacating an arbitration award). Review of an arbitration award is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law. *Crossmark*, 124 S.W.3d at 429 (citing *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex.App.-Houston [14th Dist.] 1995, no writ)). As previously noted, the appellate court must indulge every reasonable presumption in favor of upholding the arbitration award and, thus, review of an arbitration award is "extraordinarily narrow." *CVN Group*, 95 S.W.3d at 238; *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex.App.-San Antonio 2003, pet. denied).

In this case, the arbitrator gave specific reasons for her award which are supported by the evidence in the record before us. The arbitrator stated, in pertinent part, as follows:

> Though the parties requested a standard award, in the interest of justice I conclude that an explanation of the reasoning regarding the denial of the [right of first refusal] claim may be desirable. Assuming the contract [right of first refusal] provision were enforceable, I find that binder Exhibit 7, Claimant's written offer to purchase the subject land, fails to match or better the terms of the third-party offer in binder Exhibits 6 and 8 for, among other reasons, failing to provide any cash earnest money deposit in paragraph 5 to serve as liquidated damages to Respondent Nadia Corporation if Claimant were to breach the contract, conditioning the offer to purchase on obtaining financing in paragraph 4, and appending to the offer a Commercial Contract Financing Adden-

dum requiring specific loan terms to be obtained by Claimant as a condition of the offer, all not present in Exhibits 6 and 8. Moreover, if I were to rule on the enforceability of the [right of first refusal] provision as a general matter, without regard to the specific conditional offer made by Claimant in Exhibit 7, I would find the [right of first refusal] provision unenforceably vague based on, among other credible evidence, the testimony of Mr. Graham at pages 189, line 6 through 190, line 15, and the language of the [right of first refusal] provision itself, which according to the undisputed evidence, was drafted by Claimant.

This language, which specifically refers to the evidence presented at the arbitration hearing, demonstrates the arbitrator exercised honest judgment which resulted in a decision that is neither arbitrary or capricious. *See Bailey,* 727 S.W.2d at 90. Thus, there is no gross mistake sufficient to set aside the arbitration award. *Id.*

We, therefore, overrule Graham–Rutledge's second issue on appeal.

### Issue Three

Graham–Rutledge's third issue also has two parts. First, Graham–Rutledge contends the arbitrator exceeded her powers by holding the right of first refusal clause was too vague to be enforced. Graham–Rutledge contends the arbitrator wrongfully "rewrote the lease contract between the parties." We disagree.

■ Courts are barred from rewriting a contract for the parties, but if a provision is too vague to be enforced, courts will not enforce it. *See John Wood USA, Inc. v. ICO, Inc.,* 26 S.W.3d 12, 21 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *University Nat'l Bank v. Ernst & Whinney,* 773 S.W.2d 707, 710 (Tex.App.-San Antonio 1989, no writ) ("If an alleged

agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract.") Because we must indulge every reasonable presumption in favor of upholding the arbitration award, and in light of the lease provision before us,[5] we conclude the arbitrator did not exceed her powers in finding the provision unenforceably vague. *See CVN Group,* 95 S.W.3d at 238.

■ In the second part of this issue, Graham–Rutledge complains that the arbitrator exceeded her powers granted in the arbitration agreement when deciding its tort claims (i.e. implied warranty of suitability and fraud in a real estate transaction) in conjunction with its breach of contract claims. When we determine whether certain claims are within the scope of an arbitration agreement, we examine the terms of the arbitration agreement and the factual allegations pertinent to the claim. *Dennis v. College Station Hospital, L.P.,* 169 S.W.3d 282, 285 (Tex. App.-Waco 2005, pet. denied). The arbitration clause in the commercial lease agreement before us is extremely broad, covering "[a]ny controversy or claim *relating to* this contract. . . ." (emphasis added). In its amended original petition, Graham–Rutledge, under its cause of action for breach of implied warranty of suitability, states that "[a]t the inception of the lease, there were numerous latent defects in facilities that were of vital importance to [Graham–Rutledge's] use of the premise for its intended commercial purpose." Under its fraud claim, Graham–Rutledge alleges Nadia and Areksoussi are responsible for false promises made during the course of a real estate transaction "which were made for the purpose of inducing

---

5. Commercial Lease Amendment section H–1, *supra,* note 1.

[Graham–Rutledge] to enter into the lease contract...."

■■■ Because of the strong presumption in favor of arbitration, the ability to arbitrate claims should not be denied "*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue." *Id.* at 286 (emphasis in original). We, therefore, conclude the tort claims are reasonably susceptible to an interpretation that they "relate to" the commercial lease agreement and, thus, are within the scope of the arbitration clause. *Id.; see also In re Weeks Marine, Inc.*, 242 S.W.3d 849, 861 (Tex.App.-Houston [14th Dist.] 2007, orig. proceeding) ("In the cases establishing and following the 'rule' that defenses aimed at the contract as a whole are to be determined by the arbitrator, not the court, the contract at issue contained a broad arbitration provision.")

We overrule Graham–Rutledge's third issue.

## Issue Four

■■■ Graham–Rutledge contends it did not receive notice of the hearing of Nadia and Areksoussi's motion to confirm arbitration award and cancel lis pendens until August 8, 2007, the day after the hearing and the day after the trial court signed the order confirming the award and canceling the lis pendens. Graham–Rutledge contends that under Texas Rules of Civil Procedure 21 and 21a, Nadia and Areksoussi were required to serve notice of the hearing on Graham–Rutledge at least six days prior to the hearing. We conclude Graham–Rutledge received timely notice.

■■■ Nadia and Areksoussi direct us to the record which contains a copy of the green card, evidencing receipt by the office of Graham–Rutledge's counsel on July 31, 2007. Under Rule 21a, if notice of the hearing is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987). The certificate of service of the party or attorney is the basis for the presumption. *Cronen v. City of Pasadena*, 835 S.W.2d 206, 209 (Tex.App.-Houston [1st Dist.] 1992, no writ). The record before us contains a certificate of service on the notice of the hearing stating the notice was hand-delivered[6] to Graham–Rutledge's counsel on July 31, 2007, a week before the hearing. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *Miller v. Prosperity Bank, N.A.*, 239 S.W.3d 440, 442 (Tex.App.-Dallas 2007, no pet.). As noted by the supreme court, "notice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex.2005). However, the opposing party may rebut this presumption by offering proof that the notice or document was not received. *Cliff*, 724 S.W.2d at 780. The presumption may be rebutted by an offer of proof of nonreceipt. *Id.* The record, however, does not contain an offer of proof of non-receipt, and Graham–Rutledge has not filed a reply brief which disputes the validity of Nadia and Areksoussi's evidence of timely delivery of the hearing notice.

Therefore, based upon the presumption of proper service, we overrule Graham–Rutledge's fourth issue.

## Issue Five

■■■ Finally, Graham–Rutledge contends the trial court erred by canceling the lis pendens because the arbitrator did not

6. The record also contains evidence of the hand delivery through a courier affidavit and delivery slip.

award that relief to Nadia and Areksoussi. It argues that Nadia and Areksoussi's request for cancellation of the lis pendens in their motion to confirm arbitration award and cancel lis pendens constituted a motion to modify the arbitration award, and they did not properly seek such modification.[7] We disagree.

"A lis pendens has no existence separate and apart from the litigation of which it gives notice." *Taliaferro v. Smith,* 804 S.W.2d 548, 550 (Tex.App.-Houston [14th Dist.] 1991, no pet.). Because the confirmation of the arbitration award ended the litigation in favor of Nadia and Areksoussi, the lis pendens filed by appellant became void and was properly cancelled by the trial court. *See generally* Tex. Prop.Code Ann. § 12.008 (Vernon 2004) (Cancellation of a lis pendens may be granted on the motion of a party interested in property affected by a proceeding in which a lis pendens has been recorded and "the court may cancel the lis pendens at any time during the proceeding. . . .")

We, therefore, overrule Graham–Rutledge's fifth issue.

Having overruled all of Graham–Rutledge's issues, we affirm the judgment of the trial court.

---

7. The record before us does not contain Nadia and Areksoussi's motion to confirm arbitration award and motion to cancel lis pendens.