**Affirmed as Modified and Opinion Filed August 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00696-CV

## PAULA WICKLIFFE, Appellant
## V.
## CHARLES TOOLEY, Appellee

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-14-04150-1**

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BOND

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Before the Court is the motion of Paula Wickliffe asking this Court to review the supersedeas bond. Wickliffe filed an original petition for bill of review seeking to have a default judgment set aside. The default judgment set aside a deed allegedly transferring property from the decedent to Wickliffe. Charles Tooley is the executor of the deceased's estate. The trial court granted summary judgment in favor of Tooley. Wickliffe appeals that order.

The trial court set the supersedeas bond at $75,000 and required that it be a corporate surety bond. Wickliffe contends the amount of the bond is excessive and that the trial court erred in requiring the bond be a corporate surety bond. We may review the sufficiency or excessiveness of the amount of security and the type of security. *See* TEX. R. APP. P. 24.4(a)(1)

& (3). We review a trial court's ruling for an abuse of discretion. *See G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).

A judgment debtor may supersede a judgment by posting "a good and sufficient bond." *See* TEX. R. APP. P. 24.1(a)(2). Rule 24.2 establishes the amount of security for different types of judgments. When the judgment is for the recovery of an interest in real property, the amount of security must be at least the value of the property interest's rent or revenue. *See* TEX. R. APP. P. 24.2(a)(2)(A).

Appellant presented two witnesses at the hearing on the supersedeas bond. Henry Hudson is Wickliffe's stepfather. Wickliffe currently resides in the house. Hudson testified that the house is in very poor exterior and interior condition. Hudson, who owns a rental house, thinks the house could rent for $350 to $400 a month. On cross-examination, counsel for Tooley asked Hudson if he agreed with Coldwell Banker's valuation of $150,000 for the property.[1] Hudson said he disagreed with that valuation and said that, in his opinion, the land was worth between $55,000 and $60,000 and the house was worth between $5,000 and $6,000.

William Topham testified that he is a realtor who went out to look at the property. He too testified to the poor condition of the property. He estimated that the house would rent for $450 to $500 a month. On cross-examination, Topham testified that Coldwell Banker's estimated value for the property at $150,000 was reasonable.

Wickliffe asked the trial court to set the bond at $5,400. That amount was derived from multiplying $450, the monthly rental value estimated by Topham, by twelve months. Relying on the valuation of the property, Tooley asked the trial court to set the bond between $30,000 and $150,000. The trial court set the bond at $75,000 and required it to be a corporate surety bond.

---

[1] No documentary evidence of Coldwell Banker's valuation was admitted into evidence.

Based on rule 24.2(a)(2)(A), the property's overall value is not a relevant factor in setting the bond. Rather, the only relevant factor is the value of the property interest's *rent or revenue*. *See* TEX. R. APP. P. 24.2(a)(2)(A). The only evidence at the hearing pertaining to this factor was that the property would rent anywhere from $350 to $500 a month. For this reason, we conclude the trial court abused its discretion in setting the bond at $75,000.

Wickliffe also contends the trial court erred in requiring the bond to be a corporate surety bond because no evidence was presented to support the requirement. As a general rule, a party is required to present a complaint to the trial court before being allowed to raise the complaint on appeal. *See Graham-Rutledge & Co. v. Nadia Corp.*, 281 S.W.3d 683, 688 (Tex. App.—Dallas 2009, no pet.). The trial court stated on the record at the hearing that it was requiring a corporate surety bond. Wickliffe did not object to the trial court's stated requirement at the hearing. Therefore, we conclude Wickliffe has waived this complaint.

Wickliffe requested the bond be set at $5,400. This amount is supported by evidence admitted at the hearing. Accordingly, we modify the trial court's order to reduce the amount of the supersedeas bond to $5,400. We affirm the order in all other respects.


150696F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE