**Opinion issued February 27, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00783-CV

————————————

**GLENN HERBERT JOHNSON, Appellant**

**V.**

**HARRIS COUNTY, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, PORT OF HOUSTON AUTHORITY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, HARRIS COUNTY DEPARTMENT OF EDUCATION AND HARRIS COUNTY APPRAISAL DISTRICT, Appellees**

---

**On Appeal from Civil County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1063034**

---

## MEMORANDUM OPINION

Appellant, Glenn Herbert Johnson, proceeding pro se, appeals the trial court's order granting summary judgment to appellees, Harris County, City of Houston, Houston Independent School District, Houston Community College System, Port of Houston Authority, Harris County Flood Control District, Harris County Hospital District, Harris County Department of Education and Harris County Appraisal District (collectively, "Harris County"), on Johnson's inverse condemnation claim. In six issues, Johnson challenges the propriety of the trial court's grant of summary judgment. We affirm.

### Background

On May 29, 2015, Johnson sued Harris County alleging a cause of action for inverse condemnation. Johnson alleged that Harris County's tax sale of his property located at 8926 Daffodil Street, Houston, Texas 77063, amounted to a taking in violation of article I, section 17 of the Texas Constitution because Harris County took his property for a public use without providing just compensation.[1] To his

---

[1] The underlying proceedings that gave rise to this suit began when Harris County sued Johnson for unpaid property taxes in 2009. The trial court, unaware that Johnson had not been properly served with process, entered a default judgment against him and Johnson's property was sold at auction to satisfy the tax liens. Johnson subsequently filed a bill of review, which the trial court granted and this Court affirmed. *See Johnson v. Harris Co.*, No. 01-14-00383-CV, 2015 WL 3485913 (Tex. App.—Houston [1st Dist.] June 2, 2015, pet. denied) (mem. op.). On remand, following a non-jury trial, the trial court entered judgment for Harris County, which this Court affirmed in *Johnson v. Harris Co.*, No. 01-15-01003-CV,

petition, Johnson attached an unsworn declaration of indigency and an affidavit of indigence which designated his email address as prairie_view_grad@yahoo.com.

On September 24, 2015, Johnson filed a second amended petition—the live pleading in this case—asserting additional claims of trespass to real property, trespass to personal property, nuisance, negligence, gross negligence, common law fraud, and civil conspiracy. Johnson's signature line and the certificate of service designated his email address as prairie_view_grad@yahoo.com.

On September 29, 2015, Harris County filed a plea to the jurisdiction and first amended motion for summary judgment. On December 9, 2015, the trial court granted Harris County's plea to the jurisdiction and first amended summary judgment motion as to all of Johnson's claims against Harris County except his inverse condemnation claim.

On January 19, 2018, Johnson filed a motion to retain the case on the docket. The motion, and the unsworn declaration in lieu of verification attached to it, designated Johnson's email address as prairie_view_grad@yahoo.com.

On February 16, 2018, Harris County filed a traditional and no-evidence motion for summary judgment on Johnson's inverse condemnation claim. In its motion, Harris County argued that it was entitled to summary judgment based on (1)

2016 WL 2744943 (Tex. App.—Houston [1st Dist.] May 10, 2016, pet. dism'd w.o.j.) (mem. op.).

the doctrines of res judicata and estoppel, (2) Johnson's failure to prove the essential elements of his claim, and (3) the statute of limitations. Harris County also argued that there was no evidence of the essential elements of Johnson's inverse condemnation claim. The certificate of service attached to the motion reflects that Harris County served Johnson with the motion and accompanying exhibits by email at prairie_view_grad@yahoo.com that same day. On February 19, 2018, Harris County served Johnson with notice that its summary judgment motion was set for submission without oral hearing on March 16, 2018, by email at prairie_view_grad@yahoo.com. Johnson did not file a response to Harris County's motion.

On May 23, 2018, the trial court entered an order granting Harris County's summary judgment motion.

On June 18, 2018, Johnson filed a post-judgment motion arguing that he did not receive notice of the filing of Harris County's summary judgment motion or its notice of submission either at his email address, glynjeansonn@gmail.com, or via U.S. mail at his residence, 8926 Daffodil Street, Houston, Texas 77063. He asserted that he was denied the opportunity to respond to the motion because Harris County failed to properly serve him.

On June 26, 2018, Harris County filed a response to Johnson's post-judgment motion, arguing that it served its summary judgment motion and notice of

4

submission on Johnson at prairie_view_grad@yahoo.com, which is the email address that Johnson used when he electronically filed his original petition and unsworn declaration of indigency. Harris County further asserted that Johnson's motion to retain the case on the docket, which Johnson filed before Harris County filed its summary judgment motion and notice of submission, designated prairie_view_grad@yahoo.com as his email address. It argued that Johnson neither filed a change of address nor identified glynjeansonn@gmail.com as his email address until he filed his post-judgment motion. To its motion, Harris County attached the affidavit of its attorney-in-charge, Edward J. Nicholas, in which Nicholas averred that Harris County's summary judgment motion and notice of submission were served on Johnson via email at prairie_view_grad@yahoo.com on February 16 and 19, 2018, respectively. Copies of the notice and Nicholas's emails to Johnson were attached to the affidavit.

On June 28, 2018, Harris County notified Johnson via electronic mail at prairie_view_grad@yahoo.com and glynjeansonn@gmail.com that his post-judgment motion would be submitted to the court without oral hearing, on July 13, 2018. On July 5, 2018, Johnson requested the trial court set his motion for hearing. On July 17, 2018, Harris County sent a notice to Johnson at prairie_view_grad@yahoo.com and glynjeansonn@gmail.com that his motion and Harris County's response were set for oral hearing on July 31, 2018.

5

On July 31, 2018, the trial court held a hearing on Johnson's post-judgment motion. Johnson did not appear at the hearing. The trial court entered an order denying Johnson's motion that same day. This appeal followed.

## Discussion

In six issues, Johnson challenges the trial court's order granting summary judgment in favor of Harris County.

### A. Briefing Waiver

As an initial matter, we address Harris County's contention that Johnson has failed to comply with Texas Rule of Appellate Procedure 38.1 and has therefore waived his complaints. *See* TEX. R. APP. P. 38.1.

Although we liberally construe pro se briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."

*Mansfield State Bank*, 573 S.W.2d at 185; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

Pursuant to Texas Rule of Civil Procedure 38.1, Johnson's brief must include, among other things, (1) a concise statement of the case supported by record references, (2) a concise statement, without argument, of the facts pertinent to the issues presented, and (3) a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(d), (g), & (i). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co*., 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez*, 238 S.W.3d at 845; *see also Borisov v. Keels*, No. 01–15–00522–CV, 2016 WL 3022603, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.). "Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Valadez*, 238 S.W.3d at 845.

Johnson's brief includes a statement of the case, a statement of facts, and argument but he includes no citation to the record anywhere in his brief. Johnson's

7

argument also includes several pages of citation to legal authority yet he provides no analysis of the authorities or explanation of how they are relevant to the issues presented. Johnson has presented nothing for our review. *See Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied) (noting appellate issue unsupported by citation to record presents nothing for appellate review); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint").

However, even absent briefing waiver, Johnson could not prevail on his challenges to the trial court's order granting summary judgment on his inverse condemnation claim for the reasons set forth below.

**B. Analysis**

In his first issue, Johnson complains that the trial court erred in granting Harris County's summary judgment motion because it was not timely filed.

Texas Rule of Civil Procedure 166a(c) provides that "[e]xcept on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). The record reflects that Harris County filed its summary judgment motion on February 16, 2018, and that the motion was set for submission

on March 16, 2018. The motion was filed twenty-eight days before the date of submission and was therefore timely filed. *See id.* We overrule Johnson's first issue.

In his second and third issues, Johnson contends that the trial court erred in rendering judgment against him because Harris County failed to provide him with notice of its summary judgment motion or of its submission to the court for a ruling. Thus, he argues, the trial court lacked jurisdiction to hear the motion.

A movant must comply with all the procedural requirements of Rule 166a, including notice requirements, before being entitled to summary judgment. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). A nonmovant has the right to minimum notice of the summary judgment hearing. *Id.* "Proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment." *Id*.

Rule 21a deals with service and notice requirements for pleadings, including motions for summary judgment. *See* TEX. R. CIV. P. 21a. Rule 21a(a)(1) provides that a document "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." *Id.* Pro se litigants, however, are not required to participate in the electronic service program. *See Cruz v. Sanchez*, 528 S.W.3d 104, 112 (Tex. App.—

9

El Paso 2017, pet. denied).[2] Rule 21a(a)(2) then provides an alternative: if no email address is on file with the electronic filing manager, the document "may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." TEX. R. CIV .P. 21a(a)(2).

"A certificate by a party or an attorney of record . . . shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a(e). "Receipt is an element of service." *Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.). "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (citing TEX. R. CIV. P. 21a). The other party may offer proof to rebut receipt and overcome the presumption. TEX. R. CIV. P. 21a(e) ("Nothing [in Rule 21a] shall preclude any party from offering proof that the document was not received . . . .").

According to the certificate of service, Harris County served Johnson with its summary judgment motion and notice that the motion had been filed at prairie_view_grad@yahoo.com on February 16, 2018. Harris County's certificate of service for its notice of submission, which stated that its summary judgment motion would be submitted to the court for a ruling without an oral hearing on

---

[2] The record does not show—and neither party asserts—that Johnson signed up for electronic service or had an email address on file with the electronic file manager.

10

Friday, March 16, 2018, at 8:30 a.m., states that Johnson was served with the notice by email at prairie_view_grad@yahoo.com on February 19, 2018.

Johnson asserts that before Harris County filed its summary judgment motion, he told Herbert "Trey" Stone III, a partner at the law firm representing Harris County, that all communications should be sent to his home address or via email at glynjeansonn@gmail.com. There is no evidence of this conversation in the record.[3] Moreover, Nicholas, not Stone, is Harris County's attorney-in-charge in this case, and the record does not show that Johnson gave oral or written notice to Nicholas of a change of email address or notified the court of a change. *See generally* TEX. R. CIV. P. 8 ("All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.").

Pursuant to Texas Rule of Civil Procedure 57, Johnson was required to designate an email address if he had one. TEX. R. CIV. P. 57 ("A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number."). Johnson complied and designated prairie_view_grad@yahoo.com as his email address in his initial pleadings as well as his second amended petition, the live pleading in this case. In Johnson's motion to retain the case on the docket, which he filed less than a month

---

[3]   In his request for oral hearing on his post-judgment motion, Johnson alleges that he made the oral communication telephonically to Stone during a hearing in a different case before a different trial court.

before Harris County filed its summary judgment motion, Johnson again designated his email address as prairie_view_grad@yahoo.com.  Johnson did not identify glynjeansonn@gmail.com as his email address until he filed his post-judgment motion on June 18, 2018, after the trial court issued its order granting summary judgment.  The record before us does not contain any evidence of non-receipt of Harris County's summary judgment motion or its notice sent via email.  *See Graham-Rutledge & Co., Inc. v. Nadia Corp.*, 281 S.W.3d 683, 691 (Tex. App.—Dallas 2009, no pet.) (concluding that where party failed to offer proof as to non-receipt, proper service pursuant to certificate of service was presumed); *cf. Rouhana v. Ramirez*, 556 S.W.3d 472, 481 (Tex. App.—El Paso 2018, no pet.) (concluding that defendant rebutted presumption that he had received notice of trial setting where plaintiff's counsel did not use email address that defendant had designated on his pleadings); *Cruz*, 528 S.W.3d at 112 (finding evidence insufficient to establish that defendants received electronic service of plaintiff's summary judgment motion where plaintiff conceded at bill of review hearing that email address at which he attempted to serve motion was incorrect).

We conclude that Johnson has not overcome the presumption that Harris County properly served him and that he received Harris County's motion and notice via email service.  *See id.*  We overrule Johnson's second and third issues.

In his fourth issue, Johnson contends that the trial court erred in rendering judgment against him because service of process was defective. Johnson argues that Harris County failed to serve him with citation as required by Texas Rule of Civil Procedure 106.

Rule 106 provides, in relevant part, that citation shall be served by (1) "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached", or (2) "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached." TEX. R. CIV. P. 106. Johnson was the plaintiff and Harris County was the defendant in the trial court proceedings, and Harris County did not file any claim for affirmative relief. Thus, Harris County was not required to serve Johnson with citation as provided in Rule 106. Johnson's fourth issue is overruled.

In his fifth issue, Johnson contends that the trial court erred in granting summary judgment because Harris County did not present proper summary judgment evidence in the form of affidavits, depositions, interrogatories, and admissions.

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary

judgment will be affirmed on appeal if any theories advanced are meritorious." *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

A party who files a no-evidence summary judgment motion pursuant to rule 166a(i) has essentially requested a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). A no-evidence motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. TEX. R. CIV. P. 166(a)(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

In its hybrid motion, Harris County moved for traditional summary judgment on the grounds of res judicata and estoppel, Johnson's inability to prove the essential elements of his inverse condemnation claim, and the statute of limitations. Harris County also moved for no-evidence summary judgment on the ground that adequate time for discovery had passed and Johnson had no evidence supporting the intent element, the public use element, and the damages element of his claim.[4]

---

[4] The takings clause prohibits the State from taking a person's property under its sovereign powers without adequate compensation unless by such person's consent. TEX. CONST. art. I, § 17. To prove an inverse condemnation claim, a plaintiff must prove: (1) the governmental agency intentionally performed a certain act; (2) this action resulted in a "taking" of one's property; and (3) such taking was for a public

14

If a nonmovant wishes to defeat a no-evidence summary judgment motion, he must timely file a response to the motion. TEX. R. CIV. P. 166a(i); *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017); *see also Zarate v. Rodriguez*, 542 S.W.3d 26, 42 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Because Zarate did not file a response, the trial court was required to grant Rodriguez's motion"); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding resident physician's failure to respond to hospital's no-evidence summary judgment motion in premises liability action required trial court to render summary judgment in hospital's favor). It is undisputed that Johnson did not file a response to Harris County's no-evidence summary judgment. The trial court properly granted Harris County's no-evidence motion. *See Zarate*, 542 S.W.3d at 42; *Imkie*, 326 S.W.3d at 343. Johnson's fifth issue is overruled.

In his sixth issue, Johnson contends that the trial court erred in granting summary judgment because he was not given the opportunity to object to the motion.

As previously noted, Harris County filed its summary judgment motion and served Johnson with it by email on February 16, 2018. Johnson had twenty-eight

---

use. *Brandywood Hous., Ltd. v. Texas Dep't of Transp.*, 74 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

days to file objections before the motion was submitted to the trial court on March 16, 2018. He also had another sixty-seven days to file objections after the motion was submitted but before the court issued its order granting the motion on May 23, 2018.

Further, Johnson objected to the alleged lack of notice in his post-judgment motion filed on June 18, 2018. Johnson argued that he did not receive notice of the filing of Harris County's summary judgment motion or its notice of submission either at his email address, glynjeansonn@gmail.com, or via U.S. mail at his residence, 8926 Daffodil Street, Houston, Texas 77063, and was therefore denied the opportunity to respond to the motion. In response, Harris County asserted that it served its summary judgment motion and notice of submission on Johnson at prairie_view_grad@yahoo.com, which is the email address that Johnson designated when he filed his pleadings. Harris County pointed out that Johnson's verified motion to retain case on the docket, filed less than a month before Harris County filed its summary judgment motion and notice of submission, also designated prairie_view_grad@yahoo.com as Johnson's email address. Finally, it argued that Johnson neither filed a change of address nor identified glynjeansonn@gmail.com as his email address until he filed his post-judgment motion. On July 17, 2018, Harris County sent a notice to Johnson at prairie_view_grad@yahoo.com and glynjeansonn@gmail.com that his motion for rehearing and Harris County's

16

response were set for oral hearing on July 31, 2018. On July 31, 2018, the trial court held a hearing on Johnson's motion for rehearing but Johnson failed to appear.

Johnson's complaint that he was denied an opportunity to object to the alleged lack of notice is without merit. The trial court did not err in granting summary judgment. Accordingly, we overrule his sixth issue.[5]

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Landau.

---

[5] All pending motions are dismissed as moot.