# Court of Appeals
## Tenth Appellate District of Texas

=====================

10-24-00345-CV

=====================

In the Interest of E.L.D., a Child

=====================

On appeal from the
335th District Court of Burleson County, Texas
Judge Carson T. Campbell Jr., presiding
Trial Court Cause No. 30561

=====================

JUSTICE Smith delivered the opinion of the Court.

## MEMORANDUM OPINION

Forrest Dowling appeals from the trial court's final order in this suit to modify the parent-child relationship. In three issues, Forrest Dowling contends the trial judge engaged in improper judicial conduct, violated his rights to due process, and misinterpreted legal precedent. We affirm.

### BACKGROUND

On April 25, 2023, the trial court signed Agreed Temporary Orders providing that Monica Graham, E.L.D.'s mother, shall have supervised possession at specified times. The order further provided that Forrest Dowling (hereafter Forrest) had the right of possession of the child at all other times

not specifically designated for Graham. Thereafter, Jacki Dowling (hereafter Jacki), E.L.D.'s grandmother, filed a petition in intervention in the suit affecting the parent-child relationship seeking to be named sole managing conservator of E.L.D. After a jury trial, the trial court rendered its final order in the suit to modify the parent-child relationship and appointed Jacki sole managing conservator of E.L.D. The court appointed Graham and Forrest possessory conservators of E.L.D., ordering supervised access to the child and child support obligations. Forrest appeals the modification order.

## THE TRIAL COURT'S CONDUCT

In his first issue, Forrest contends that because the trial court's comments violated Canons 2A and 3B of the Code of Judicial Conduct the trial judge should have recused himself. He asserts that the court's request for education and expert guidance from the parties casts doubt on its impartiality and qualifications.

Forrest did not file a motion to recuse the trial judge as required by Texas Rule of Civil Procedure 18a. *See* TEX. R. CIV. P. 18a. If a party fails to comply with Rule 18a, he waives his right to complain of a judge's failure to recuse himself. *See McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.—Houston [1st Dist.] 1995, writ denied). We overrule Forrest's first issue.

## DUE PROCESS

In his first argument in his second issue, Forrest contends his due process rights were violated because he never received service of process for the June 10, 2024 hearing on Jacki's Emergency Motion to Deny Entry of Additional Temporary Orders. In his brief, Forrest states "[t]he Certificate of Service was sent by Attorney Kary Gregg on May 8, 2024. At this time, the Appellant's former attorney Brandon Mancuso notified Appellant that all the money paid to Mr. Mancuso had been depleted. As such, Mr. Mancuso told Appellant he could no longer represent him."

The record includes the notice of the hearing and certificate of service showing that Brandon Mancuso, Forrest's attorney at the time, was properly served in accordance with Texas Rule of Civil Procedure 21a. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *See Graham-Rutledge & Co., Inc. v. Nadia Corp.*, 281 S.W.3d 683, 691 (Tex. App.—Dallas 2009, no pet.). A properly sent notice raises a presumption that notice was received. *Id.* The presumption may be rebutted by an offer of proof of nonreceipt. *Id.* The appellate record does not include an offer of proof of nonreceipt. Accordingly, the presumption of proper service stands.

In his second argument in his second issue, Forrest contends the trial court erred in denying his oral motion for continuance presented at a July 22,

2024 pretrial hearing. An appellate court will not reverse a judgment based on a denial of a motion for continuance absent a clear abuse of discretion. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). Rule 251 of the Texas Rules of Civil Procedure requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for the motion. TEX. R. CIV. P. 251. A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See In re Commitment of Gagliardo*, 664 S.W.3d 405, 406 (Tex. App.—Tyler 2022, pet. denied). Because Forrest's oral motion for continuance did not comply with Rule 251, we cannot say the trial court abused its discretion in denying the motion. *See Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc.*, 740 S.W.2d 873, 874 (Tex. App.—Beaumont 1987, no writ) (Held that, when the provisions of Rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance.).

In his third argument in his second issue, Forrest asserts the trial court erred in admitting hearsay testimony by Jacki at the trial on the petition in intervention. In the complained-of testimony, Jacki testified about two incidents when Forrest used drugs in front of E.L.D., as described to her by Jacki's daughter. At another point in Jacki's testimony, she described a phone

call from an individual who observed E.L.D.'s supervised visits with her parents. That individual told her E.L.D. had exhibited behavior of a sexual nature and he thought her dad was sexually abusing her, so he called CPS.

Forrest objected to the testimony about the first instance of drug use related by Jacki's daughter. However, this same evidence was included in Jacki's affidavit in support of her petition, admitted as Intervenor's Exhibit 3. When that exhibit was offered, Forrest stated he had no objection to it. When evidence identical or similar to the objected-to evidence is admitted elsewhere without objection, any error in admitting the objected-to evidence is harmless as it is cumulative. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *In re M.T.R.*, 579 S.W.3d 548, 570 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

Forrest did not object to admission of the second reference to his drug use or the allegation of sexual abuse as required to preserve a complaint for review. *See* TEX. R. APP. P. 33.1. Further, Forrest has not shown how the admission of the testimony caused rendition of an improper judgment or probably prevented him from presenting his case to this Court. *See* TEX. R. APP. P. 44.1; *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We overrule Forrest's second issue.

## BURDEN OF PROOF

In his third issue, Forrest contends the trial court misinterpreted legal precedent. He asserts that the final order in this case resulted in termination of most of his parental rights. Therefore, he opines that the clear and convincing standard of proof should apply here.

The trial court instructed the jury that, whenever a question requires an answer other than "yes" or "no," its answer must be based on a preponderance of the evidence. The court defined "preponderance of the evidence" as the greater weight of credible evidence presented in this case.

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b). On the other hand, a finding that appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard. *Id.* §§ 105.005, 153.131(a); *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). The trial court did not err in instructing the jury to base its verdict on the preponderance of the evidence. We overrule Forrest's third issue.

## CONCLUSION

Having overruled each of Forrest's issues, we affirm the trial court's final order in this suit to modify the parent-child relationship.[1]

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  September 25, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06



---

[1] All pending motions are dismissed as moot.