**Joe Manny CRUZ and Haydee Cruz, Appellants,**

**v.**

**Alejandro SANCHEZ, Appellee.**

**No. 08–15–00167–CV**

Court of Appeals of Texas,
El Paso.

February 2, 2017

Fernando Chacon, El Paso, TX, for Appellee.

Ken Slavin, Kemp Smith, El Paso, TX, for Appellants.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE RODRIGUEZ, Justice

For nearly three years now, as part of a modernization effort mandated by the Texas Supreme Court, the courts of this state have undergone a slow but steady transition from paper filings to electronic filings in civil cases. As part of this transition, service rules have changed, and now in most civil cases, all filings must go through the Office of Court Administration's electronic clearinghouse, known as the Electronic Filing Manager (EFM). This case, which arose during the beginning of this transition period, deals with a plaintiff's attempts to serve pro se defendants electronically with a motion for summary judgment.

Appellants Joe Manny Cruz and Haydee Cruz appeal the trial court's denial of their bill of review challenging a summary judgment granted in favor of Alejandro Sanchez. The Cruzes contend Sanchez never served them with the summary judgment motion, nor did they ever receive notice of the summary judgment hearing that terminated the underlying case. Sanchez maintains that he attempted to serve the motion electronically both through EFM and at an email address that ultimately turned out not to belong to Appellants. He also asserts that any defective electronic service on his part should be excused by, among other reasons, the Cruzes' failure to provide an adequate email address in the first place.

For the following reasons, we will reverse and render judgment on a bill of review in favor of the Cruzes.

## BACKGROUND

### Sanchez Sues the Cruzes
### for Defamation

This bill of review case has its genesis in a defamation action tied to an employment

dispute between Sanchez and the Town of Clint, Texas. In 2012, the Town of Clint fired Sanchez from his position as chief of the Clint Police Department after an investigator concluded that Sanchez had engaged in harassing behavior against several women, including Haydee Cruz. Cruz had alleged to the investigator that Sanchez "paid an inordinate amount of attention" to her at a church bazaar, had made inappropriate comments about her appearance, had given her an unwanted dog, and that he would park his patrol car in front of her house for long periods of time.

Following his termination, Sanchez sued Haydee Cruz and her husband Joe, alleging that the Cruzes had made defamatory statements to the investigator as part of a wide-ranging conspiracy against him orchestrated by various prominent townspeople. The case was docketed in the 210th District Court as Cause No. 2012–DCV–06506. In their pro se answer, which contained a counterclaim for defamation against Sanchez, the Cruzes stated that their address was 196 San Elizario in Clint, Texas (the Home address). It is undisputed that while they resided at that address, the Cruzes knew they could not receive mail at that address. Instead, the Cruzes, like many residents of Clint, had received mail at a separate P.O. Box for a number of years. The Cruzes never provided that P.O. Box address to the opposing side or the trial court during the course of litigation. When asked why the Cruzes never listed the P.O. Box address on court filings, Joe Cruz testified that he did not think he needed to do so, since he received jury duty notices at the P.O. Box and believed that the county already had his mailing address. The Cruzes did not hire an attorney to assist them in their defense of the defamation suit.

### Trial Court Dismisses Cruzes' Counterclaims for Want of Prosecution

On April 25, 2014, more than seventeen months after Sanchez filed his defamation case, the trial court issued a notice of intent to dismiss the case for want of prosecution due to a lack of activity. The trial court set a status conference for May 6, 2014. Notice of this conference was mailed to the Cruzes' home address and returned as undeliverable. On May 6, the trial court reset the status conference to May 21, 2014, and again mailed notice of the change to the Cruzes' home address. The notice was again returned for insufficient address. On May 21, 2014, the trial court set a "Summary Judgment Hearing" for July 16, 2014, although no party had filed for summary judgment at that time. Again, the trial court mailed notice to the Cruzes' home address, and again, the notice was returned as undeliverable. On May 22, 2014, the trial court dismissed the Cruzes' counterclaims against Sanchez. Notice of the dismissal was sent to the Cruzes' home address and then returned for insufficient address. Sanchez's claims against the Cruzes remained outstanding.[1]

### Sanchez Attempts to Serve Motion for Summary Judgment Electronically

Following dismissal of the counterclaims, Sanchez filed for summary judgment on his remaining claims on June 25, 2014. In support of his motion, Sanchez relied on numerous "deemed admissions" from the Cruzes that were contained in

---

1. Because the Cruzes' bill of review is aimed at reversing the summary judgment granted in Sanchez's favor and makes no mention of their previously-dismissed counterclaim, we do not construe the Cruzes' bill of review as seeking reinstatement of their counterclaim against Sanchez.

unanswered discovery requests that were mailed to the Cruzes and returned as undeliverable. The Certificate of Service attached to Sanchez's motion for summary judgment stated that Sanchez served the Cruzes using the "Electronic Filing Manager" and at the email address hydeecruz 24@gmail.com (the Gmail account). Sanchez never furnished the receipt automatically generated by EFM each time a submission is successful to the trial court. *See* Tex.R.Civ.P. 21a(b)(3)("The electronic filing manager will send confirmation of service to the serving party."). The Certificate of Service does not indicate that Sanchez ever attempted to alternatively serve this motion by non-electronic means, such as by mail.

At the bill of review hearing, Haydee Cruz testified that the Gmail account on the Certificate of Service was not her email address, and noted that the email address on Certificate of Service misspelled her first name as "hydee" with no "a." She denied receiving any notice of any summary judgment hearing. She also denied ever registering her actual email address—a student account hosted by El Paso Community College—with EFM. Joe Cruz testified that he did not have an email address at the time, and also denied ever receiving notice of any summary judgment motion.

The trial court held a summary judgment hearing on July 16, 2014. Five days later, Sanchez submitted an affidavit to the trial court relating to attorney's fees incurred. It is undisputed that Sanchez never served this affidavit on the Cruzes, electronically or otherwise. After receiving this affidavit, the trial court, on July 22, set another summary judgment hearing for July 30, but later changed its mind and instead rendered summary judgment before that hearing on July 25, 2014, awarding Sanchez damages, pre- and post-judg-ment interest, and attorney's fees. The trial court attempted to provide notice via mail one last time to the Cruzes' home address. As with the previous attempts, notice was returned undelivered.

### Cruzes File a Bill of Review

The Cruzes maintain that they were not aware of the judgment until February 2015, when they attempted to get a car loan and were told that an abstracted judgment for $250,000 appeared on their credit report. On February 3, 2015, the El Paso County Sheriff's Department attempted to enforce a writ of execution against the Cruzes. They obtained counsel and, on April 1, 2015, filed for a stay and a bill of review seeking to re-open proceedings in the Sanchez defamation suit.

After a hearing, the trial court denied the Cruzes' bill of review. This appeal followed.

### DISCUSSION

In Issue One, the Cruzes urge us to grant their bill of review overturning the summary judgment because there is no evidence Sanchez properly served the motion on them, and because they never received the hearing notices sent by the trial court. Sanchez counters that the trial court properly denied the bill of review because the Cruzes' failure to receive service of the motion or subsequent hearing notices from the trial court stemmed from their own fault or negligence.

### Standard of Review and Applicable Law

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). "[B]ills of review exist to provide a failsafe against manifest injustice

and the wrongful deprivation of a litigant's right to trial and appeal in extraordinary circumstances." *Bowers v. Bowers*, 510 S.W.3d 571, No. 08–13–00346–CV, 2016 WL 1403227, at *5 (Tex.App.–El Paso Apr. 8, 2016, no pet.). They are not looked upon favorably, "as our justice system has a strong interest in ensuring that controversies are permanently settled at one time and that litigants will not resurrect dead cases ... simply because they later regret not raising certain issues when they had the chance." *Id.*

 Ordinarily, a claimant seeking a bill of review must establish three things: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making due to the opposing party's fraud, accident, or wrongful act; (3) unmixed with the plaintiff's own fault or negligence. *Mabon, Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). "But when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements[.]" *Id.* As for the third element, the bill-of-review plaintiff "must only prove that its own fault or negligence did not contribute to cause the lack of service or notice." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015)(per curiam).

 Due process requires that parties receive notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Wimpy v. Motel 6 Op., L.P.*, 461 S.W.3d 619, 626 (Tex.App.–El Paso 2015, pet. granted, judgm't vacated w.r.m.)(citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988)). While the sufficiency of notice is fact-specific to each case, if notice is not meaningful, constitutional due process requirements are not

satisfied. *Id.* "Constitutionally, a party is entitled to actual, or at least constructive notice, of a hearing." *Id.* at 626. Constructive notice may be imputed on a party where, *inter alia*, a notice is properly dispatched to a correct address, returned unopened, and there is evidence that the party to be served is engaging in selective acceptance or is actively trying to dodge service. *See Dowell v. Theken Spine, L.L.C.*, No. 14–07–00887–CV, 2009 WL 1677844, at *2 (Tex.App.–Houston [14th Dist.] June 2, 2009, no pet.)(mem. op.). If the party slated to receive service can show they never received actual or constructive notice, the third prong of the bill of review analysis is established as a matter of law, and the bill of review must be granted. *See Mabon, Ltd.*, 369 S.W.3d at 812 (where bill of review plaintiff is never served with process, lack of negligence "is conclusively established").

### Analysis

Both parties agree that the outcome of this case hinges on whether the record supports the finding that the Cruzes' fault or negligence caused the summary judgment to be rendered against them without their notice. Ultimately, our inquiry on this point boils down to two questions. First, was the Cruzes' failure to receive electronic service of Sanchez's motion for summary judgment the result of their own fault or negligence? If not, was the initial defect in Sanchez's service cured by the trial court's subsequent mailed notices of a summary judgment hearing and the entry of judgment when those notices never actually reached the Cruzes?

The answer to both questions is no.

### *Was the Cruzes' failure to receive electronic service of Sanchez's motion for summary judgment their own fault?*

We turn to the first question at hand.

TEX.R.CIV.P. 166a(c) requires that both the motion for summary judgment and notice of the summary judgment hearing be served on opposing counsel at least twenty-one days before the hearing date. A movant must comply with all the procedural requirements of TEX.R.CIV.P. 166a, including notice requirements, before being entitled to summary judgment. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex.App.–Dallas 2004, pet. denied). A nonmovant has the right to minimum notice of the summary judgment hearing. *Tanksley*, 145 S.W.3d at 763. "Proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment." *Id.* Failure to provide proper notice results in a due process violation and mandates reversal. *Id.*

TEX.R.CIV.P. 21a deals with service and notice requirements for pleadings, including motions for summary judgment. In 2014, a new version of TEX.R.CIV.P. 21a took effect as the Texas court system began transitioning from paper filings toward electronic filing in civil cases. *See* Tex.Sup.Ct., *Order Adopting Texas Rules of Civil Procedure 21c and Amendments to Texas Rules of Civil Procedure 4, 21, 21a, and 502.1, etc.*, Misc. Docket No. 13–9128, 76 TEX.B.J. 809–12 (Aug. 16, 2013)( adopted in accordance with Misc. Docket No. 12–9206 and Misc. Docket No. 13–

9092).[2] To accept electronic submissions, Texas courts use a centralized system managed by the Office of Court Administration known as the electronic filing manager (EFM). End users interface with EFM through software provided by various independent electronic filing service providers. To file a document, an end user submits it to an electronic filing service provider, which in turn submits the information to EFM. Documents filed through this system are then reviewed by court clerks, who either reject the documents or accept them and electronically time-stamp receipt. *See generally* David Slayton and Megan LaVoie, *The Digital Age: Eight Things to Know about E-Filing in Texas*, 77 TEX.B.J. 898–901 (Nov. 2014).

TEX.R.CIV.P. 21a(a)(1) provides that a document "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." If no email address is on file with the electronic filing manager, the document "may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." TEX. R.CIV.P. 21a(a)(2). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manag-

---

2. E-filing became mandatory in the Texas Supreme Court and in the courts of appeals on January 1, 2014. E-filing became mandatory "in all non-juvenile civil cases in the district courts, statutory county courts, constitutional county courts and statutory probate courts" on the following staggered scheduled:

- Courts in counties with a population of 500,000 or more: January 1, 2014
- Courts in counties with a population of 200,000 to 499,999: July 1, 2014
- Courts in counties with a population of 100,000 to 199,999: January 1, 2015
- Courts in counties with a population of 50,000 to 99,999: July 1, 2015

- Courts in counties with a population of 20,000 to 49,999: January 1, 2016
- Courts in counties with a population less than 20,000: July 1, 2016

*See* Tex.Sup.Ct., *Amended Order Requiring Electronic Filing in Certain Courts*, Misc. Docket No. 15–9048 (Mar. 10, 2015), available online http://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/13/13909200. at pdf. Given that El Paso County has a population of more than 500,000, e-filing became mandatory in civil cases in El Paso County, including those filed in the 210th District Court, on January 1, 2014.

er will send confirmation of service to the serving party." Tex.R.Civ.P. 21a(b)(3).

■■■■ "Receipt is an element of service." *Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex.App.–Dallas 2011, no pet.). "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received ... [b]ut we cannot presume that notice was properly sent; when that is challenged, it must be proved according to the rule." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

The certificate of service on the motion for summary judgment is presumptively valid and binding as prima facie evidence of receipt unless challenged. Tex.R.Civ.P. 21a(e). Because the Cruzes have challenged the certificate of service, we must examine the evidence to determine whether the Cruzes had actual or constructive notice of the summary judgment motion. According to the certificate of service, Sanchez employed two alternative methods of service in this case: service through EFM and service by email. On this record, Sanchez cannot establish that he used either method in a manner that was reasonably calculated to successfully provide notice.

First, Sanchez never showed that the Cruzes did or could have received his electronic filing through EFM. The Cruzes denied being registered with EFM, and Sanchez offered no affirmative evidence—such as proof that the Cruzes had registered with EFM or the receipt automatically generated by his electronic filing service provider—that would controvert their assertion. *See Mathis*, 166 S.W.3d at 745 (trial court's mere disbelief of recipient's testimony that she failed to receive notice was insufficient to establish service; movant must still "provide affirmative evidence that service occurred"); *cf. Tanksley*, 145 S.W.3d at 764 (noting that return of certified mail delivery confirmation would constitute affirmative evidence of delivery). Absent some sort of evidence or corroborating testimony, Sanchez cannot show he actually served the Cruzes through EFM on this record.

As for service by email, Sanchez apparently conceded at a bill of review hearing that the email address he attempted to serve the motion at was incorrect.[3] Nevertheless, on appeal, Sanchez maintains that the Gmail address was valid, but to prove that fact, Sanchez cites to a statement his own counsel made at the hearing. In that statement, Sanchez's counsel told the trial court that a private investigator had assured him that the Gmail address belonged

---

**3.** MR. CHACON: You and I, when we were the—with talking about why they weren't here. And I told them that I would try to look up another way of serving them, which would be like the electronic sense. I'm going to try it through that and I did send it to them through the electronic deal. I did some research. I got an e-mail that looked like them—like theirs, and if they've got a notice, they come here.

You just—it was sent. It was not received because I tried to send it to a different address. I don't recall. I know the certificate of service says that I sent it via e-mail and I attempted to get theirs, but we were always ready to give more time for it they appeared. And it was sent to them, but, I mean, it was— I don't recall if it was sent to them via mail to

that address, but I know that it was—we attempted to send it to them through some way that we looked for, which was the e-mail.
THE COURT: But, I mean, you agree that that was not done?
MR. CHACON: I did send it, Judge.
THE COURT: Sent it where?
MR. CHACON: Through the e-mail provided, Judge.
THE COURT: Which was the wrong e-mail.
MR. CHACON: Which was the wrong e-mail, but because I didn't know any other address—
THE COURT: But hold on a minute. Where did you come up with that e-mail address?
MR. CHACON: I did—I had an investigator research it. I don't exactly recall how [4 R.R. 47–48].

to Haydee Cruz, but counsel was unsure of how the investigator obtained the email address. Again, even if the trial court disbelieved the Cruzes, affirmative evidence from Sanchez is still required to establish service. *Mathis*, 166 S.W.3d at 745. We believe this hearsay statement relayed by counsel is legally insufficient to establish that the Gmail address was a valid service address; the statement raises only surmise or speculation that Haydee Cruz controlled the Gmail account, speculation that becomes even less probative in light of the obvious misspelling of Haydee Cruz's name and counsel's vacillation on the issue. *Wade Oil & Gas, Inc. v. Telesis Op. Co., Inc.*, 417 S.W.3d 531, 540 (Tex.App.–El Paso 2013, no pet.)(evidence that is so weak that it creates no more than mere surmise or suspicion of a material fact is no evidence at all). Simply put, the record does not show that email service at the Gmail address was, or could have been, successful. Actual service was not established.

Given that both forms of service failed, and given than Sanchez never alternatively served the Cruzes or attempted contact with the Cruzes, Sanchez cannot establish facts that would allow us to impute constructive notice onto the Cruzes, either. Constructive notice comes into play where "a party has fully complied with the notice requirements set forth in Tex.R.Civ.P. 21a and 166a, yet fails to establish actual receipt of notice upon [the] opposing party or counsel[,]" *Gonzales v. Surplus Ins. Srvs.*, 863 S.W.2d 96, 102 (Tex.App.–Beaumont 1993, writ denied). On this record, Sanchez cannot show he fully complied with the notice requirements of Rules 21a and 166a,

because he failed to demonstrate that service through EFM would have been effective and because he served an incorrect email address. And while the *trial court* may have attempted unsuccessfully to mail out notifications of the hearing to the Cruzes—the effects of which we will discuss later in this opinion,—there is no evidence *Sanchez* undertook any other actions that would have put the Cruzes on "constructive inquiry notice" of this motion. *See Wimpy*, 461 S.W.3d at 625–26 (collecting cases in which constructive notice was found because parties conclusively received letters or other correspondence obliquely referencing hearings or requests for settings).

■■■■■ Sanchez insists that despite his own shortcomings in serving the motion electronically and his failure to prove the essential element of receipt, the trial court could still have denied the bill of review by determining that the Cruzes were at fault for Sanchez's failure to properly serve the summary judgment motion, as the Cruzes breached a continuing obligation to the court to update their email address. We disagree. While Sanchez is correct that "pro se litigants are not exempt from the rules of procedure[,]" *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)(per curiam), and while Sanchez repeatedly propounded this purported obligation in the trial court, at the time Sanchez filed his motion for summary judgment, pro se litigants were not required to register with EFM [4] or provide their email addresses to the trial court or opposing counsel, either under the Texas Rules of Civil Procedure [5]

---

**4.** In the frequently asked questions section of the eFileTexas.gov Web site, one of the questions is "Can I use eFileTexas.gov if I am a pro per or pro se?" Answer: "Yes, pro se parties are eligible to use an EFSP for e-filing. However, it is not mandatory they do so." *See*

Office of Court Administration, *eFileTexas.gov, Frequently Asked Questions*, http://www.efile texas.gov/faqs.htm (last visited Jan. 31, 2017).

**5.** Tex.Civ.Prac. & Rem.Code Ann. § 30.015(a)(West 2015) provides that "[i]n a

or El Paso County Local Rule 1.02.[6] The latest version of Tex.R.Civ.P. 57 does require a pro se party to "sign ... [and] state his ... email address" on every pleading. However, that requirement did not become effective until January 1, 2014,[7] and the previous version of Rule 57 did not impose an email disclosure requirement. It is undisputed that all the Cruzes' responsive pleadings in this case were filed before Rule 57 would have required them to furnish a valid email address to the trial court and opposing counsel. As such, the Cruzes were never under any obligation to provide Sanchez with a valid email address. Thus, their failure to furnish an email address when not required to do so by rule at the relevant times is no evidence of fault or negligence on the part of the Cruzes.

Finally, Sanchez cites numerous cases in which courts have held that a party's failure to update a *mailing* address constitutes negligence in the bill of review context, and he urges us to affirm the bill of review denial based on the fact that

the Cruzes listed a mailing address at which they could not receive mail. But the mailing address argument is a red herring, because here Sanchez did not attempt to serve the motion for summary judgment by mail; he attempted service electronically. And while Sanchez insinuates that he attempted service electronically because he knew previous attempts at mail service had failed, that does not change the fact that Sanchez's failure to correctly dispatch notice of the motion for summary judgment using the method he chose was the supervening cause of the Cruzes' failure to receive notice. If the serving party never actually serves the receiving party, the receiving party is entitled to a bill of review as a matter of law. *See Saint v. Bledsoe,* 416 S.W.3d 98, 103 (Tex.App.–Texarkana 2013, no pet.)(sending party's failure to serve notice "conclusively negates the intended recipient's fault or negligence"). We must look at the efficacy of the method of service he actually used, not the method of

---

civil case action filed in a district court ... each party or the party's attorney must provide the clerk of the court with written notice of the party's name and current residence or business address." This provision imposes no obligation to provide an email address.

**6.** El Paso County Local Rule 1.02 states:

**RULE 1.02 PARTIES PROCEEDING PRO SE:**
ANY NATURAL PERSON PROCEEDING ON HIS/HER OWN BEHALF WITHOUT AN ATTORNEY SHALL BE EXPECTED TO READ AND FOLLOW THESE LOCAL RULES, THE TEXAS RULES OF CIVIL PROCEDURE, THE TEXAS RULES OF CIVIL EVIDENCE, THE TEXAS RULES OF CRIMINAL EVIDENCE, THE TEXAS CODE OF CRIMINAL PROCEDURE AND THE TEXAS RULES OF APPELLATE PROCEDURE, AS MAY BE APPROPRIATE IN THE PARTICULAR CASE. FAILURE TO COMPLY MAY BE SANCTIONED OR PUNISHED IN ACCORDANCE WITH APPLICABLE PROVISIONS OF ALL

OF THESES RULES. PRO SE PARTIES SHALL BE RESPONSIBLE FOR PROVIDING THE CLERK WITH CURRENT ADDRESSES AND TELEPHONE NUMBERS, AND SHALL ALSO BE RESPONSIBLE FOR PROVIDING COPIES OF ALL PAPERS FILED TO ALL OTHER PARTIES OR ATTORNEYS. SUCH FILED PAPERS SHALL ALWAYS CONTAIN THE CURRENT ADDRESS AND PHONE NUMBER OF THE PRO SE PARTY. THE CLERKS OF THE COURT SHALL PROVIDE A PRO SE PARTY A COPY OF THIS RULE 1.02 AT THE TIME A PETITION OR AN ANSWER IS FILED. *See* El Paso Cty. Loc.R. 1.02, http://www.epcounty.com/councilofjudges/documents/part1.pdf. There is no obligation created by this Rule requiring a pro se party to furnish an email address.

**7.** *See Order Adopting Texas Rules of Civil Procedure 21c and Amendments to Texas Rules of Civil Procedure 4, 21, 21a, and 502.1, etc.,* Misc. Docket No. 13–9128, 76 Tex.B.J. 809–12.

service he decided not to use. When measured against that standard, the inquiry becomes clear. Sanchez's electronic service was ineffective not because the Cruzes were negligent, or because they failed to meet a then-nonexistent obligation to provide email information, or because they were actively attempting to dodge electronic service. *Cf. Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 382 (Tex.App.–Fort Worth 2005, pet. denied)(constructive notice of summary judgment hearing could not be imputed on nonmovant, even though notice was properly addressed, because the notice was returned undelivered and there was no "evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case"). Service failed here because Sanchez sent the motion to the wrong email address, and because he apparently attempted to serve parties through EFM that were not actually registered with EFM (or, at the very least, Sanchez cannot establish that actual service through EFM was effectual).

We sympathize with the trial court's frustrations in this case. The actions of both litigants in this case, combined with the push toward mandatory electronic filing, put the trial court in an unenviable position. The Cruzes, as pro se litigants, fell into a procedural gap. But this gap was not unforeseen. On the contrary, the drafters of the amended Rule 21a planned for a situation like this one, in which a party is not registered to receive service through EFM. Rule 21a specifically provides that "[i]f the email address of the party or attorney to be served *is not on file with the electronic filing manager*, the document may be served on that party or attorney under subparagraph (2)[,]" i.e., "in person, [by] mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion

may direct." [Emphasis added]. TEX. R.CIV.P. 21a(a)(1)–(2). While Sanchez filed his motion for summary judgment while the electronic filing transition was underway, the then-new rule clearly did not foreclose alternate methods of service. Had service via electronic means been unavailable, Sanchez had other options at his disposal to achieve proper service, including requesting substitute service. But simply stating that he sent the document to an email address he wrongly but in good faith believed belonged to the Cruzes and dispatching process into the digital ether, hoping it meets its intended target, is not enough to effectuate service.

In sum, the Cruzes' failure to receive notice of the summary judgment motion resulted solely from Sanchez's failure to properly serve the motion electronically. Sanchez cannot establish actual electronic service, nor can he show that the Cruzes had constructive notice and were merely attempting to dodge or selectively accept service. The Cruzes have established they are presumptively entitled to bill of review relief. *See Mabon, Ltd.*, 369 S.W.3d at 812.

### *Did the Trial Court's Attempt to Mail Notice of the Hearing to the Cruzes Vitiate the Taint of Sanchez's Initial Failure to Properly Serve the Cruzes?*

One final wrinkle remains. While Sanchez did not properly attempt to serve the Cruzes with a copy of the motion for summary judgment in compliance with Rule 21a, the trial court did attempt to send out two separate notices of the hearing to the Cruzes' home address before rendering summary judgment. The trial court also sent a copy of the judgment to the home address, to no avail. *See* TEX. R.CIV.P. 306a. Were these notices sufficient to cure Sanchez's initial defective service attempts, impute constructive notice

on the Cruzes, and insulate the default-type summary judgment from the Cruzes' subsequent bill of review?

We hold they were not.

■■■ "The right to summary judgment exists only in compliance with Texas Rule of Civil Procedure 166a." *Tanksley*, 145 S.W.3d at 763. Proper notice to the nonmovant is a prequisite to summary judgment, and it is incumbent on the *movant* to comply with notice requirements. *Id.* "Because summary judgment is a harsh remedy, we must strictly construe the notice requirements of the rule." *Etheredge*, 169 S.W.3d at 383. Sanchez failed to properly serve the motion for summary judgment, and because it was his burden to seek summary judgment in strict compliance with the rule, the trial court's subsequent attempts to inform the Cruzes about the pending summary judgment hearing could not cure the original deficiency in Sanchez's service of the motion. Generally speaking, "improper notice to a party of proceedings, when notice is required, invalidates subsequent court proceedings vis-a-vis the party who did not receive notice." *Gutierrez v. Lone Star Nat'l Bank*, 960 S.W.2d 211, 214 (Tex. App.–Corpus Christi 1997, pet. denied). That principle applies here. In the absence of proper service, a party is not required to respond or even show it monitored a case post-answer. *See Mabon, Ltd.*, 369 S.W.3d at 813 (where Texas Supreme Court noted in a bill of review challenging an unnoticed post-answer default judgment that "we have never held that a party must show that it diligently monitored the case status" to see if the other side has filed a dispositive motion). Because of this, the failure to respond when service is improper is not negligence on the part of the receiving party; it is only negligence on the part of the serving party. *Id.*

We emphasize that this case presents a unique fact scenario. Had this been a bill of review challenging the sufficiency of the notices the trial court mailed out with respect to the dismissal for want of prosecution hearing, this case may have very well turned out differently. *Compare Saint*, 416 S.W.3d at 105–06 (plaintiff barred from obtaining bill of review because plaintiff's failure to receive trial court's notice of dismissal for want of prosecution raised *sua sponte* stemmed from plaintiff's failure to update address). But because Sanchez affirmatively sought summary judgment against the Cruzes, and because Sanchez can only obtain summary judgment in compliance with TEX.R.CIV.P. 166a, we must assess the sufficiency of the notice *he* provided using the method he actually used. Sanchez cannot prove he was able to serve the Cruzes electronically. The bill of review must be granted, the original judgment reversed, and the case reopened.

Issue One is sustained.

**CONCLUSION**

The Cruzes have established that they are entitled to a bill of review as a matter of law. The judgment of the trial court is reversed, and we render judgment granting the Cruzes' bill of review and re-opening Trial Cause No. 2012–DCV–06506.

Hughes, J., Not Participating