Opinion filed January 16, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00264-CV

_____

## PAULA BEALL, Appellant

## V.

## GARRETT BIRDWELL, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 27496**

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from the trial court's grant of summary judgment in favor of Appellee, Garrett Birdwell. *See* TEX. R. APP. P. 30. Appellant, Paula Beall, challenges the trial court's judgment in three issues, contending that: (1) error is apparent on the face of the record because she was not provided notice of the date and time of the hearing on Birdwell's motion; (2) the summary judgment evidence

is insufficient to support the damages awarded to Birdwell; and (3) exemplary damages are not recoverable under the Deceptive Trade Practices Act (DTPA) as Birdwell suggests. We reverse and remand.

## I. *Procedural Background*

On January 24, 2023, Birdwell filed suit against Beall for breach of contract, violations of the DTPA, and fraud. Beall appeared and answered pro se. On June 16, 2023, Birdwell filed his motion for summary judgment in which he sought to recover actual and exemplary damages from Beall. Birdwell's summary judgment evidence consisted of his declaration and attachments and requests for admissions that Beall failed to respond to, which the trial court deemed admitted.

On June 21, 2023, the trial court issued a setting notice that specified a July 17, 2023, hearing date on Birdwell's motion. The notice was filed and e-served on Birdwell's counsel of record and mailed via USPS to Beall at the last known address listed for her in the clerk's file. However, the notice mailed to Beall was returned to the trial court in its original sealed envelope with the stamped notation: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." The original sealed envelope with this notation was filed with the trial court clerk and is included in the clerk's record on appeal. Further, other than an isolated, uncorroborated hearsay statement made by Appellee's counsel at the summary judgment hearing, there is no indication in the record that subsequent efforts were made to provide notice of the summary judgment hearing date to Beall.

Birdwell's motion was presented to the trial court on July 17. Counsel for Birdwell appeared at the hearing; Beall did not. The trial court granted Birdwell's motion on that date, and, in its final judgment, awarded Birdwell $264,151.97 in

2

actual damages and the same amount in exemplary damages. On November 20, 2023, Beall filed her notice of restricted appeal with the trial court.

## II. *Standard of Review*

Because this is a restricted appeal, Beall must establish each of the following:

(1) she filed a notice of restricted appeal within six months after the trial court's judgment was signed;

(2) she was a party to the underlying suit;

(3) she did not participate in the hearing that resulted in the judgment of which she complains, and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014)); *see also* TEX. R. APP. P. 26.1(c), 30. The first three requirements for a restricted appeal are jurisdictional. *E.H.*, 602 S.W.3d at 496–97. The fourth requirement focuses on the merits of Appellant's grounds for appeal. *Id.* at 497 ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal.").

Our review of a restricted appeal is limited to the "face of the record"; we may not consider extrinsic evidence. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). The "face of the record" consists of all the evidence before the trial court when it signed its judgment. *Id.* In reviewing the "face of the record," we may not draw any inferences or make any presumptions. *Id.* at 849. The record on appeal in this case consists of the clerk's record, the supplemental clerk's record, and the reporter's record from the summary judgment hearing.

Here, it is undisputed, and Birdwell concedes, that Beall has satisfied the three jurisdictional requirements to pursue a restricted appeal. As such, we need only address the fourth restricted-appeal requirement—whether error is apparent on the face of the record.

## III. *Analysis*

In her first issue, Beall contends that error is apparent on the face of the record because the record shows that she did not receive notice of the summary judgment hearing.

At the outset, we note that notice is a fundamental requirement of due process, and such notice must afford all parties to the pending suit a meaningful opportunity to be heard. *Barrientos v. Barrientos*, 675 S.W.3d 399, 405 (Tex. App.—Eastland 2023, pet. denied).

In summary judgment practice, Rule 166a of the Texas Rules of Civil Procedure provides the framework for parties to receive and comply with the requisite notice of a summary judgment proceeding. TEX. R. CIV. P. 166a(c) (the summary judgment movant must give the nonmovant at least twenty-one days' notice of the date and time of the hearing on the motion); *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994). The purpose of Rule 166a(c)'s notice provision is to provide an opportunity for the nonmovant to respond to the motion within seven days of the scheduled hearing date. *Barrientos*, 675 S.W.3d at 405; *Winn v. Martin Homebuilders, Inc.*, 153 S.W.3d 553, 556 (Tex. App.—Amarillo 2004, pet. denied).

Proper notice to the nonmovant of the hearing date and time is a prerequisite to obtaining summary judgment relief, and it is incumbent on the summary judgment *movant* to comply with the rule's notice requirements. *Lewis*, 876 S.W.2d at 316; *Cruz v. Sanchez*, 528 S.W.3d 104, 115 (Tex. App.—El Paso 2017, pet. denied);

4

*Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied) (summary judgment will be reversed if the *movant* does not provide timely notice of the hearing date and time to the nonmovant). As such, because the right to secure summary judgment exists only in compliance with Rule 166a(c), a trial court errs when it grants summary judgment if the nonmovant has not received timely and proper notice of the date and time of the hearing to be held on the motion. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

In the matter before us, error is apparent on the face of the record. The record affirmatively shows that Beall never received the notice of the summary judgment hearing that the trial court issued and mailed to her. The notice was returned to the trial court in the same sealed envelope in which it was mailed to Beall with the stamped notation: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." Further, there is no competent evidence in the record that other attempts were made by the trial court or Birdwell to notify Beall of the date and time of the hearing on Birdwell's motion, despite Birdwell's obligation to assure that Beall received proper and timely notice of the hearing. *See Lewis*, 876 S.W.2d at 316; *Cruz*, 528 S.W.3d at 115; *Etheredge*, 169 S.W.3d at 383. In sum, and contrary to Birdwell's assertions, there is no evidence in the record that Beall received any notice or was aware of the date and time for the hearing.

Due process requires that all parties to a proceeding be afforded a meaningful opportunity to be heard. *Barrientos*, 675 S.W.3d at 405. Because providing the requisite notice of the hearing was not achieved, Beall was not permitted to respond to or be heard on Birdwell's motion. As such, due process was not afforded to her in this instance.

For the reasons stated above, we hold that error is apparent on the face of the record.  Accordingly, we sustain Beall's first issue on appeal.  Because our holding on Beall's first issue necessarily disposes of this appeal, we need not address her remaining issues.  *See* Tex. R. App. P. 47.1.

IV.  *This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

W. STACY TROTTER

JUSTICE

January 16, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.